## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

In re

**FORREST TILLMAN and
JOCELYN TUALA TILLMAN**,

Debtors.

Case No. **17-60831-7**

## MEMORANDUM OF DECISION

At Butte in said District this 9th day of November, 2017.

On October 31, 2017, 3 matters were heard by this Court in this Chapter 7[1] bankruptcy:

(i) Debtors Forrest Tillman ("Forrest") and Jocelyn Tuala Tillmans' Motion to Reconsider Motions to Modify Stay filed by Santander Consumer USA Inc. ("Santander") and Robin & Judith Hedstrom ("Hedstroms") (the "Reconsideration Motion")[2]; and, (ii) The Bank of New York Mellon Trust Company, National Association FKA The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A. as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2005-RP2 ("BONY") Motion to Modify Stay (the "Stay Motion").  Santander and Hedstroms each filed an

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, and all Civil Rule references are to the Federal Rules of Civil Procedure, Rules 1–86.

[2] The Reconsideration Motion requested this Court reconsider its Orders entered on September 26, 2017 at ECF 21 and 22, which granted the motions to modify stay filed by Santander (ECF 14) and Hedstroms (ECF 16).  Santander and Hedstroms each filed an objection to reconsideration.

objection to the Reconsideration Motion.  Debtors did not file a timely response to the Stay Motion.

At the hearing Forrest appeared pro se and affirmed under oath that his factual statements were true.  Santander was represented by attorney Jon R. Binney of Missoula.  Hedstroms were represented by attorney Richard J. Samson of Missoula.  BONY was represented at the hearing by attorney Steven Watkins of Salt Lake City.  No other witness testimony was heard.  Forrest submitted to the Court a couple of papers, that the Court admitted as Debtors' Exhibit 1.  At the request of Santander's counsel the Court took judicial notice of the Debtors' Schedules and Statements filed in this case.  The Court heard oral argument.  At the conclusion of the parties' cases-in-chief the Court took the Reconsideration Motion and Stay Motion under advisement. After review of the record and applicable law, for the reasons set forth below the Debtors' Reconsideration Motion will be denied; and BONY's Stay Motion will be granted since the Debtors failed their burden under 11 U.S.C. § 362(g)(2) to show that relief from the stay should not be granted.  This Decision constitutes the Court's findings and conclusions on the contested matters pursuant to Rules 9014 and 7052.

### FACTS

A. The Santander, Hedstrom and BONY debts

Debtors entered a Retail Installment Contract and Security Agreement dated April 2, 2013 with Santander.  The amount financed was $23,145.00 (the "Santander Debt").  The annual percentage rate was 21.49%.  The Santander Debt was secured by an interest in a 2008 Chevy Avalanche.  On February 25, 2016, Debtors borrowed the principal amount of $488,000.00 from Hedstroms (the "Hedstrom Debt").  Debtors agreed to repay the Hedstrom Debt in 23 monthly payments of $2,472.62, and a final balloon payment of the balance due February 2018.  The

Hedstrom Debt was secured by an interest in their residence at 1900 Riverwood Drive, Columbia

Falls, MT.  Debtors entered a Note in April 1998 in connection with borrowing $79,900.00 (the

"BONY Debt").  The BONY Debt was secured by an interest in 157 3rd Ave. South, Hungry

Horse, MT.

B.  The Petition & Schedules

Debtors filed a joint voluntary petition under Chapter 7 of the Bankruptcy Code.  The

address Debtors entered on their petition, and where all notices and pending motions were

mailed to them, is their residence at 1900 Riverwood Drive, Columbia Falls, MT 59912.  To

date, Debtors have not filed a notice requesting that notice should be sent to them at any other

address.

Debtors' summary of income and expenses shows income of $1,744.92 and expenses of

$4,273.65 per month.  Debtors' Summary of Assets and Liabilities showed assets of $211,704.00

and liabilities of $1,155,676.69.  Debtors provided the following currant values for certain

properties in Schedules A/B:  $600,000.00 - 1900 Riverwood Drive, Columbia Falls; $70,000.00

- 157 3rd Ave.; and, $5,000.00 - 2007 Chevrolet Avalanche[3].  Debtors' Schedule D provided the

following information regarding creditors who have claims secured by property:

| Creditor | Amount of Claim | Collateral Description |
|---|---|---|
| Hedstroms | $481,872.83 | 1900 Riverwood Drive, Columbia Falls |
| Santander | $14,874.83 | 2008 Chevy Avalanche |
| BONY | $150,429.03 | 157 3rd Ave. South, Hungry Horse |

In addition, Schedule D indicates the BONY debt is not disputed.[4]  According to Debtors'

Statement of Intention, Debtors intended to (i) retain 1900 Riverwood Drive, Columbia Falls and

[3] Although the Statement of Intention identifies the collateral as a 2007 Avalanche, the Notice of
Security Interest or Lien filing submitted by Santander shows that it is a 2008 Avalanche.

[4] Debtors did not check the box indicating that it was disputed.

3

work something out with Hedstroms; (ii) surrender the 2008 Chevy Avalanche to Santander; and, (iii) surrender 157 3rd Ave. South, Hungry Horse to BONY.

C.  The Santander and Hedstrom Motions to Modify Stay and Reconsideration

Santander filed a motion for stay relief on September 8, 2017 (the "Santander Motion"). Santander requested stay relief so that it could pursue foreclosure and liquidation of its interest in the 2008 Chevy Avalanche in accordance with non-bankruptcy law.  It alleged that the present balance owing on the Santander Debt was $16,275.98, and the value of the 2008 Chevy Avalanche was $13,800.00.  The Santander Motion included the following notice, consistent with Mont. LBF 8 and LBR 4001-1(a):

> If you fail to file a written response to the above Motion to Modify Stay with the particularity required by Mont. LBR 4001-1(b), and request a hearing, within fourteen (14) days of the date of this Notice with service on the undersigned and all parties entitled to service, under all applicable rules, then your failure to respond or to request a hearing will be deemed an admission that the motion for relief should be granted without further notice or hearing.

In addition, the Santander Motion was accompanied by a certificate of service showing that a copy of the motion was mailed to Debtors at 1900 Riverwood Drive, Columbia Falls.

Hedstroms filed their motion for stay relief on September 8, 2017, as well (the "Hedstrom Motion").  Hedstroms requested stay relief so that they could pursue foreclosure and liquidation of their interest in 1900 Riverwood Drive, Columbia Falls, in accordance with non-bankruptcy law.  A Trustee's Sale of the property was scheduled for October 26, 2017, under Montana's Small Tract Financing Act.   Hedstroms alleged that the principal balance owing on the Hedstrom Debt was $481,872.83, accrued interest was $15,765.93, along with some additional de minimus amounts, for an approximate total balance owing of $498,000.00.  The Hedstrom Motion alleged the value of its collateral was between $500,000.00 and $523,000.00.  The Hedstrom Motion included the following notice, consistent with LBF 8 and LBR 4001-1(a):

4

> If you fail to file a written response to the above Motion to Modify Stay with the particularity required by Mont. LBR 4001-1(b), and request a hearing, within fourteen (14) days of the date of this Notice with service on the undersigned and all parties entitled to service, under all applicable rules, then your failure to respond or to request a hearing will be deemed an admission that the motion for relief should be granted without further notice or hearing.

The Hedstrom Motion included a certificate of service showing that a copy of the motion was mailed to Debtors at 1900 Riverwood Drive, Columbia Falls.

Debtors did not file or otherwise respond to the Santander and Hedstrom Motions. On September 26, 2017, the Court entered 2 separate Orders granting Santander and Hedstrom the relief requested. In both orders, the court explained as follows:

> The Motion was served on the Debtors, who are pro se, Trustee, and U.S. Trustee. The 14-day period has expired and no objection and request for hearing has been filed. In accordance with the Notice provision attached to Movant's Motion, the failure by any other party to respond is deemed an admission that the Movant's Motion should be granted without further notice or hearing.

ECF 21 & 22. On September 28, 2017, Bankruptcy Notice Center Certificates of Mailing were filed showing the Court's Orders granting stay relief were mailed to Debtors at 1900 Riverwood Drive, Columbia Falls.

Debtors' Reconsideration Motion filed October 16, 2017, was in the form of a letter to the Court. It did not include a certificate of mailing. The Court entered an Order granting Santander and Hedstroms to October 27, 2017 to file a response to the Reconsideration Motion. The responses of Santander and Hedstrom mirror each other and argue that the Reconsideration Motion was neither timely nor premised on a cognizable legal basis. To the extent the Reconsideration was premised on Civil Rule 60, as incorporated by Rule 9024, and Rule 8002, Santander and Hedstrom argue that it should be denied.

D. The BONY Motion to Modify Stay

BONY filed a Motion to Modify Stay on September 18, 2017 (the "BONY Motion").

BONY requested stay relief under 11 U.S.C. § 362(d)[5], so that it could pursue foreclosure and

liquidation of 157 3rd Ave. South, Hungry Horse in accordance with non-bankruptcy law.  It

alleged that the present balance owing on the BONY Debt was $152,936.95, and the fair market

value of its collateral was $70,000.00.  The BONY Motion included the following notice,

consistent with Mont. LBF 8 and LBR 4001-1(a):

> If you fail to file a written response to the above Motion to Modify Stay with the
> particularity required by Mont. LBR 4001-1(c), and request a hearing, within fourteen
> (14) days of the date of this Notice, with service on the undersigned and all parties
> entitled to service under all applicable rules, then your failure to respond or to request a
> hearing will be deemed an admission that the motion for relief should be granted without
> further notice or hearing.

In addition, the BONY Motion was accompanied by a certificate of mailing showing that a copy

of the motion was mailed to Debtors at 1900 Riverwood Drive, Columbia Falls.

E.    Dismissal and Reinstatement of Debtors' Case

Debtors failed to attend their 341 Meeting, resulting in their case being dismissed on

October 4, 2017.[6]  On October 11, 2017, the Debtors' requested reconsideration of that Order,

explaining that, "We have heavy construction going on in front of our house and property.  I was

asked to move our mailbox and have since not received any mailings, but what sporatic."  The

Court immediately granted the request, vacated its prior Order dismissing the case and reinstated

Debtors' case.  Based on Debtors' representations regarding problems with their mail in their

motion to reconsider dismissal, the Court on its own motion set the BONY Motion for a

---

[5] The Motion does not indicate which subsection of (d), BONY relies on for relief.
[6] Per Mont. LBR 2003-7 a debtor's failure to attend a scheduled 341 Meeting may result in
dismissal of the case.

preliminary hearing (to be held telephonically) on October 17, 2017. The Order setting the hearing was entered on October 12, 2017. Five days later at the October 17, 2017 hearing, Forrest was the only party that appeared. BONY did not appear. The Court set the BONY Stay Relief Motion for a final hearing on October 31, 2017.

    E. <u>The Hearing</u>

        Forrest testified that the address included in his schedules was 1900 Riverwood Drive. Counsel for Santander confirmed that the Certificate of Mailing included with the Santander Motion showing that it was mailed to 1900 Riverwood Drive was correct. Counsel further represented to the Court that the Santander Motion was not returned to his office as undeliverable. Counsel for Hedstroms confirmed that the certificate of mailing included with the Hedstrom Motion showing that it was mailed to 1900 Riverwood Drive was correct. Counsel further represented to the Court that the Hedstrom Motion was not returned to his office as undeliverable.

        Forrest testified that at the request of his neighbor he had moved his mailbox. He further testified that he did not receive his mail. He explained that he went to the post office and was advised that he did not have any mail. In a subsequent visit to the post office certain mail was delivered to him and he discovered certain mail that he had not previously received. Forrest did not specify which was mail was delivered at this time, or which specific items he received and which he did not. Forrest explained that as a result of a dispute with the postmaster and his neighbors, he planned to obtain a post office box at some point in the future.

        Forrest conceded that he might have received the BONY Motion, but explained that the problems associated with his mailbox and illness have interfered with his receipt of the mail. He further indicated that he had received other pleadings from the Court, including the Order setting

the October 31, 2017 hearing.[7]  Forrest testified that he had read the BONY Motion.  Forrest

testified that the house on the Hungry Horse property is full of asbestos, needs to be jacked up,

cleaned and has construction issues that need to be addressed and that it is located in a high

crime area.  After the Debtors moved out of the home, it was broken into 3 times.

## DISCUSSION

The Debtors in this case are pro se.  Courts have a duty to construe pro se pleadings

liberally.  *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).  Accordingly, this

Court must construe Debtors' pro se request for reconsideration liberally.  *See, Balistreri v.

Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  Nonetheless, even pro se litigants must

follow procedural rules.  *See Clinton v. Deutsche Bank Nat'l Trust Co. (In re Clinton)*, 449 B.R.

79, 83 (9th Cir. BAP 2011).

    I.    <u>The Reconsideration Motion</u>

Although Debtors did not cite any specific authority for their Reconsideration Motion, a

liberal construction of Debtors' Reconsideration Motion lends itself to a request to alter or

amend a judgment under either Civil Rule 59(e) incorporated by Rule 9023, or relief from a final

judgment, order, or proceeding Civil Rule 60, incorporated by Rule 9024.[8]

In *Brandt v. Esplanade of Central Montana, Inc., et al. ("Brandt"),* 19 Mont. B.R. 401,

403 (D. Mont. 2002), the district court, in affirming this Court's decision, discussed amendment

of an order under Civil Rule 59(e):  Amendment or alteration is appropriate under Civil Rule

59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court

---

[7] Given he participated in the October 17, 2017, telephonic hearing the Court concluded that he
received that Order in the mail.

[8] The Civil Rules "do not recognize a motion for reconsideration. *Captain Blythers, Inc. v.
Thompson (In re Captain Blythers, Inc.*), 311 B.R. 530, 539 (9th Cir. BAP 2004).

8

committed clear error or made an initial decision that was manifestly unjust, or (3) there is an

intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc*.,

5 F.3d 1255, 1263 (9th Cir. 1993).

       Nothing presented to the Court in the form of argument or evidence supports relief under

Rule 9023. Debtors decision to move their mailbox and the problems that have arisen as a result,

do not amount to newly discovered evidence, indicate a clear error was made, or correspond to a

change in controlling law. Debtors have not argued or otherwise offered any evidence to support

relief under Civil Rule 59(e). Thus, relief cannot be granted on this basis.

       Civil Rule 60(b) provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just
> terms, the court may relieve a party or its legal representative from a final judgment,
> order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or
> excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could
> not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud
> (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct
> of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied,
> released, or discharged; it is based on an earlier judgment that has been reversed or
> otherwise vacated; or applying it prospectively is no longer equitable; or, (6) any other
> reason that justifies relief.

The provisions of Civil Rule 60(b) set forth in subsections (2) through (5) are by their plain

terms, not applicable to this proceeding. While the problems with Debtors' receipt of mail could

be characterized as "any other reason that justifies relief" under subsection (6), Courts faced with

similar fact patterns, generally consider such requests under subsection (1) and consider whether

a party's failure to timely respond to a motion was attributable to excusable neglect.[9]

       A Court's determination of whether a litigant should be granted relief from a final

judgment, order or proceeding due to excusable neglect hinges upon consideration of all relevant

---

[9] See *In re Safadi*, 431 B.R. 478 (D. Ariz 2010).

circumstances including, (1) the danger of prejudice to the non-moving party, (2) the potential impact on judicial proceedings, or length of delay (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).[10]  Nothing suggests that Debtors have acted in bad faith, so that factor will not be discussed in any detail.  However, consideration of the remaining 3 factors does not support relieving Debtors from the Orders granting stay relief to Santander and Hedstroms.

### A.  Prejudice to parties or judicial administration

Prejudice to the non-moving party or to judicial administration of the case weighs in favor of denying the Reconsideration Motion.[11]  Debtors' schedules indicate the 2008 Chevy Avalanche has a value of $5,000.00.  The Santander Motion represents that the fair market value is $13,800.00, and the debt it secures has a balance of $16,275.98.  Irrespective of which value is correct, there is not any equity in the 2008 Chevy Avalanche, and as the vehicle incurs additional miles, its value diminishes, resulting in a tangible loss to Santander.  Further, Debtors affirmatively represented that they intended to surrender the vehicle to Santander.  Debtors' present position is irreconcilable with their statement of intention which tends to undermine the administration of the case.

---

[10] See *Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997), which extended this test to excusable neglect under Civil Rule 60(b).

[11] "To be sure, were there any evidence of prejudice to petitioner or to judicial administration in this case, or any indication at all of bad faith, we could not say that the Bankruptcy Court abused its discretion in declining to find the neglect to be 'excusable.'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 398, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

Hedstroms completed their non-judicial foreclosure following entry of the Order granting stay relief.  Hedstroms relied on this Court's Order granting stay relief and would be prejudiced by any effort to revisit the issue. By implication, in order to grant Debtors effective relief this Court would have to devise a way to set aside the Hedstroms' foreclosure sale.  This would result in prejudice to Hedstroms, and any third-party purchaser.  Thus, consideration of the prejudice to the non-moving parties weighs in favor of Santander and Hedstroms.

### B.  Length of Delay

The length of delay to date has not been significant.  Debtors filed their Reconsideration Motion 20 days after entry of the Orders granting stay relief to Santander and Hedstrom. Although the Court lacks the ability to predict with certainty the extent to which granting the relief requested in the Reconsideration Motion would contribute to further delay, an estimate of 45-90 days seems likely.  Although it would be inconvenient to revisit those Orders, and Santander and Hedstroms would incur additional fees, and potential delay, these impacts do not strike the Court as catastrophic in any sense.  The Court has concluded that this factor does not conclusively weigh in favor of either party.

### C.  Reason for the Delay

Debtors are responsible for any problems they encountered with receipt of their mail. "Where notice is properly addressed, stamped, and mailed, it creates a rebuttable presumption of receipt." *In re Longardner & Associates, Inc.*, 855 F.2d 455, 459-60 (7th Cir. 1988) (citing cases), cert. denied, 489 U.S. 1015 (1989); *In re Bucknum*, 951 F.2d 204, 207 (9th Cir.1991) (per curiam); *In re Sustaita*, 438 B.R. 198, 209 (9th Cir. BAP 2010); *In re Ricketts*, 80 B.R. 495, 497 (9th Cir. BAP 1987).  A certificate of mailing raises the presumption that the documents sent were properly mailed and received.  *In re Peralta*, 317 B.R. 381, 386 (9th Cir. BAP 2004); *In re*

*Cossio*, 163 B.R. 150, 155 (9th Cir. BAP 1994), aff'd mem., 56 F.3d 70 (9th Cir.1995).  A party

denying receipt must provide more positive evidence of an objective nature to overcome the

presumption of receipt.  *CUNA Mut. Ins. Group v. Williams (In re Williams)*, 185 B.R. 598, 600

(9th Cir.1995).

 Forrest's testimony and consideration of the certificates of service and statements of

counsel at the hearing demonstrate that any difficulty Debtors encountered receiving mail is

attributable to Debtors' failure to maintain a mailbox at their mailing address, and failure to

retrieve mail from the post office after the problems with their mailbox were encountered.  Both

Santander and Hedstroms mailed their respective pleadings to Debtors residence at 1900

Riverwood Drive, Columbia Falls, MT.  This is the address Debtors included in their bankruptcy

filing.  The pleadings were not returned to Santander or Hedstroms as undeliverable.  The

orderly operation of the bankruptcy courts is dependent upon debtors providing reliable mailing

addresses at which they regularly receive mail.

 While it is unclear to the Court how moving a mailbox devolved into a dispute between

Debtors, their neighbor and their postmaster, Debtors had alternatives within their control that

could have been implemented to address any interruption in mail service that resulted from their

decision to move their mailbox.  For example, Debtors could have made trips to the post office

each day, or obtained a post office box and provided notice in this case of their new address.

Forrest testified that he ultimately went to the post office and retrieved his mail, including the

motions to modify stay filed by Hedstroms and Santander.  However, these efforts appear to be

at best, ad hoc and inconsistent.[12]

---

[12] Since the hearing in this matter on October 31, 2017, Debtors failed to attend their rescheduled 341 Meeting, resulting in a second request by the Chapter 7 Trustee to dismiss this case on November 7, 2017.

The prejudice to Santander and Hedstrom that would result if this Court granted relief under Rule 9024, combined with the Debtors' culpability and involvement in moving the mailbox, but failing to otherwise ensure that mail was delivered, picked up at the post office or otherwise received in a timely manner during the pendency of this case outweigh delay and Debtors' good faith.  Taking into account each of the forgoing factors discussed, the Court finds and concludes that Debtors neglect in timely responding to the Santander and Hedstrom motions was not excusable.

      **II.**    <u>The BONY Stay Relief Motion</u>

Unlike the Santander and Hedstrom motions, the Court has not entered an Order on the BONY Motion, so its resolution is not dependent on consideration of Civil Rule 60(b).  Like the Santander and Hedstrom Motions, the BONY Motion was mailed to Debtors at 1900 Riverwood Drive consistent with the Certificate of Service.  The Bony Motion was not returned as undeliverable.  Although Debtors did not timely file a written response entitling BONY to the relief requested under Mont. LBR 4001-1(c)[13], the Court will address the merits of BONY's Motion.

Section 362 vests this Court with wide latitude in granting appropriate relief from the automatic stay, and a decision to lift the automatic stay is within a bankruptcy court's discretion, and subject to review for an abuse of discretion.  *In re Delaney-Morin*, 304 B.R. 365, 369-70

---

[13] Mont. LBR 4001-1(a)(2) requires a debtor opposing relief from stay to "state with specificity which allegations of the creditor's motion the debtor disputes …" and that the debtor's "failure to meet these requirements may constitute cause for the Court to deny the debtor's request for additional time and/or for the Court to consider the motion unopposed."  A debtor's response to a motion to modify stay must include a legal and factual basis for the objection, including, if valuation of property is an issue, the debtor's estimation of value, particular objections about the validity or other aspect of security documents, and any proposed adequate protection.  Mont. LBR 4001-1(c).

(9th Cir. BAP 2003); *In re Leisure Corp.*, 234 B.R. 916, 920 (9th Cir. BAP 1999); *In re Plummer ("Plummer")*, 20 Mont. B.R. 468, 477-78 (Bankr. D. Mont. 2003); *Mataya v. Kissinger (In re Kissinger)*, 72 F.3d 107, 108-109 (9th Cir. 1995).  Relief from stay proceedings are handled in a summary fashion.  The Ninth Circuit Bankruptcy Appellate Panel explained:

> Relief from stay proceedings such as the one brought by Wells Fargo are primarily procedural; they determine whether there are sufficient countervailing equities to release an individual creditor from the collective stay. One consequence of this broad inquiry is that a creditor's claim or security is not finally determined in the relief from stay proceeding. *Johnson v. Righetti (In re Johnson)*, 756 F.2d 738, 740–41 (9th Cir.1985) (Hearings on relief from stay are handled in a summary fashion. The validity of the claim or contract underlying the claim is not litigated during the hearing."); *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 33 (1st Cir.1994) ("We find that a hearing on a motion for relief from stay is merely a summary proceeding of limited effect...."); *First Fed. Bank v. Robbins (In re Robbins)*, 310 B.R. 626, 631 (9th Cir. BAP2004).

*Veal v. Amer. Home Mortg. Serving, Inc. (In re Veal)*, 450 B.R. 897, 914 (9th Cir. BAP 2011).

A party seeking relief need only establish that it has a colorable claim to enforce a right against property.  *In re Edwards*, 454 B.R. 100, 105 (9th Cir. BAP 2011), citing *Veal.*  Thus, BONY must first establish a prima facie case that cause exists for relief under § 362(d)(1). *United States of America v. Gould*, 401 B.R. 415, 426 (9th Cir. BAP 2009); *Duvar Apt., Inc. v. FDIC (In re Duvar Apt., Inc.)*, 205 B.R. 196, 200 (9th Cir. BAP 1996).  Once a prima facie case has been established, the burden shifts to the Debtors to show that relief from the stay is not warranted.  *Id.*

BONY has made a colorable claim and satisfied its burden to show Debtors lack equity in the 157 3rd Ave. South, Hungry Horse property under § 362(g)(1).  Debtors' affirmative representations in their schedules show that they do not dispute the BONY Debt.  They further represent that the BONY Debt is $150,429.03, and the value of 157 3rd Ave. South, Hungry Horse is $70,000.00.  Debtors' representations in their schedules closely mirror the allegations in

BONY's Motion which indicates that the BONY Debt is $152,936.95, and the fair market value of 157 3rd Ave. South, Hungry Horse property is $70,000.00.  Forrest's testimony neither contradicts the allegations in the BONY Motion, nor the representations in Debtors' schedules.

Under § 362(g)(2), Debtors as the party opposing relief have the burden of proof under all other issues to show that relief from the stay should not be granted.  Debtors have not fulfilled this burden.  To the contrary, as noted above, the parties virtually agree on the amount of the BONY Debt, and agree on the value of the collateral.  Given the lack of equity in the Hungry Horse property, Debtors' failure to file a written response to BONY's motion and their consequent admissions, and Debtors' statement of intention to surrender the property, for purposes of this Court's discretion under § 362(d), this Court is satisfied that BONY has satisfied its initial burden, and finds that Debtors have failed to satisfy their burden of proof under § 362(g)(2), as the parties opposing relief, to show that the stay should not be lifted.  *First Interstate Bank of Billings v. Interstate Distrib. Co., Inc. (In re Interstate Distributing Co., Inc.)*, 13 Mont. B.R. 86, 89 (D. Mont. 1993); *In re Mittlestadt*, 20 Mont. B.R. 46, 52 (Bankr. D. Mont. 2002); *In re Hungerford*, 19 Mont. B.R. 103, 133-34 (Bankr. D. Mont. 2001).

Granting relief from the automatic stay returns the parties to the legal position which they enjoyed prior to the imposition of the stay.  *In re Johnson*, 17 Mont. B.R. 318, 319 (Bankr. D. Mont. 1999); *Estate of B.J. McAdams v. Ralston Purina Co.*, 154 B.R. 809, 812 (N.D. Ga. 1993). Thus, while the Court has flexibility in determining whether to grant BONY's motion, by granting the motion Debtors retain whatever claims, defenses and remedies they may have against BONY in a non-bankruptcy forum.

**IT IS ORDERED** separate Orders shall be entered in accordance with the above:  (i) denying Debtors' request to reconsider Orders granting motions to modify stay, filed on October 16, 2017 (ECF 36); and (ii) granting BONY's motion to modify stay (ECF 18).

_____
Honorable Benjamin P. Hursh
U.S. Bankruptcy Judge